EL PUEBLO DE PUERTO RICO, peticionario, *v.* SANTIAGO AYALA RODRÍGUEZ, acusado-recurrido.

*Número:* O-85-287      *Resuelto:* 9 de mayo de 1985

*Américo Serra, Procurador General Interino, Josefa A. Román García, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

A solicitud del Procurador General examinamos la corrección de una resolución del Tribunal Superior, Sala de Caguas (Hon. David Urbina Urbina, Juez) en la causa que se sigue contra Santiago Ayala Rodríguez por infracción al Art. 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2401. De las constancias ante nos surge que el 2 de mayo de 1985, el acusado Ayala Rodríguez, a través de su abogado, manifestó su interés de hacer una alegación por el Art. 404 de la referida ley, 24 L.P.R.A. sec. 2404. Los agentes del orden público, testigos de cargo en la causa, manifestaron su con-

formidad. Por su parte el Ministerio Público, representado por el fiscal auxiliar William Méndez, indicó que no podía allanarse sin previamente consultar al Departamento de Justicia. Ante esta situación, el tribunal dictó la resolución que motiva este recurso, la cual en lo pertinente reza:

> Este Tribunal toma conocimiento judicial de una orden administrativa que lleva el número 85-1 donde impide al señor fiscal tomar una determinación sin previamente consultar al Departamento de Justicia para que estos allá tomen una determinación sobre lo que se va a proceder.
>
> Situaciones como las que plantea este caso son las que dejan patente lo poco sabia de dicha directriz. Ese memorandum empieza por decir que se han encontrado miles de casos en atraso en las fiscalías y se habla de agilizar los procedimientos. Pero las directrices que se establecen lo que hará serán [sic] acumular en más de miles de casos los ya supuestamente existentes en las fiscalías.
>
> Este Tribunal ordena al Señor Secretario de Justicia, Hon. Héctor Rivera Cruz y al Fiscal Especial General, Hon. Luis Feliciano Carreras, que comparezcan a este Tribunal el próximo jueves 9 de mayo, a las nueve de la mañana, para que muestren causa por las cuales no se deba acceder a la solicitud del acusado. La incomparecencia a este Tribunal sin razón justificada puede dar motivo para poder ser hallados incursos en desacato. *Exhibit* I, págs. 1–2.

## II

La naturaleza del dictamen y su génesis producto de un criterio *sua sponte* del foro de instancia, nos permite disponer del asunto bajo la Regla 50 de nuestro Reglamento.

Reconocemos la facultad constitucional e inherente de los tribunales de instancia para tomar medidas conducentes a la más pronta adjudicación de las causas criminales y civiles. Esta autoridad, sin embargo, tiene como límites la observancia del debido proceso de ley y de aquellos otros derechos que amparan a las partes. En el caso que nos ocupa no corresponde al tribunal evaluar la sabiduría de la directriz

interna del Departamento de Justicia sobre alegaciones pre-acordadas en determinados casos. (¹)

Reconocemos que el decreto de dicho foro respondió a un interés legítimo de que los casos no se atrasen, sin embargo, no tomó en cuenta el otro interés legítimo del Estado de evitar que por falta de seguimiento, comunicación o coordinación se incurran y acepten alegaciones preacordadas en delitos revestidos de incuestionable interés público. Todos los extremos son nocivos. El quehacer judicial exige un detenido balance entre los intereses en juego. A la luz de lo expuesto, aun cuando compartimos la preocupación del foro de instancia, resolvemos que en su implantación y ejecución se excedió en su discreción.

■ Conforme a nuestra decisión en *Pueblo* v. *Mojica Cruz*, 115 D.P.R. 569 (1984) —en que sostuvimos la validez

---

(¹) La Orden Administrativa, en sus incisos 2 y 8 dispone:

"2– *Delitos de Interés Público:*

"Existen casos que, por su naturaleza, están revestidos de un interés público. La ciudadanía espera la mayor dedicación y esmero de parte de todos los fiscales a quienes se les h[a] encargado tales casos. Son ilustrativos de este tipo de delitos los asesinatos, violaciones, robos de cierta trascendencia, ciertos casos de drogas, hurto de automóviles, delitos contra mujeres y niños, delitos de corrupción gubernamental y otros que, por su circunstancia, sabemos calan en la opinión pública. Los fiscales de distrito han de estar atentos a este tipo de caso y les darán un seguimiento estricto a los mismos, a fin de garantizar que los fiscales de sala estén listos para entrar al juicio desde el primer señalamiento."

·      ·      ·      ·      ·      ·      ·    · ·

"8– *Alegaciones Pre-Acordadas en Casos de Asesinatos, Violaciones, Robos, Delitos Contra Mujeres y Niños, Distribución y Venta de Drogas y Corrupción Gubernamental:*

"Se instruye en el sentido de que toda rebaja de delito en los casos indicados, deberá ser consultada previamente con la Oficina Central de Investigaciones y Procesamiento Criminal.

"En estos casos, los fiscales deberán ser exigentes y velar porque la ley se aplique con el mayor rigor posible. Deberán radicarse mociones de agravantes cuando las mismas procedan y oponerse a las sentencias suspendidas en aquellos casos en que puedan ser concedidas. Se deberán hacer alegaciones de reincidencia o delincuencia habitual cuando las mismas procedan." (Escolio omitido.) *Exhibit* III, págs. 5–8.

del procedimiento de alegaciones preacordadas— el Estado no viene obligado a iniciar conversaciones al respecto como tampoco el acusado. Ello es un área que responde propiamente a la coincidencia de criterios por cualesquiera razones o motivos. Allí hicimos claro que el tribunal no participaría de tales conversaciones. La conveniencia desde el punto de vista administrativo de las alegaciones preacordadas no configura ninguna obligación en esa etapa inicial. Aclaramos, no obstante, que es perfectamente armonizable la norma administrativa interna con la obligación de los tribunales de acelerar los trámites. Los jueces de instancia pueden exigir a los abogados de los acusados que, en la etapa del acto de lectura de acusación, expongan su deseo de entrar en conversaciones de alegaciones preacordadas con el Ministerio Público. De este modo, el tribunal podrá señalar la vista en su fondo para fecha ulterior, y conceder a las partes tiempo suficiente para implantar un acuerdo con la autorización del Secretario de Justicia.

■ A la luz de lo expuesto, *procede que se expida el auto de certiorari y se dicte sentencia que deje sin efecto la orden que requiere del Secretario de Justicia y del Fiscal General Especial su comparecencia para hoy y el apercibimiento de desacato. A tono con el espíritu que movió al foro de instancia en la vista fijada, en ausencia de coincidencia de criterio y alegación preacordada, el único curso que el tribunal podrá exigir, compatible con la más pronta adjudicación de la causa, es que se ventile en sus méritos.*