EL PUEBLO DE PUERTO RICO, recurrido, *v.* HÉCTOR VÁZ-
QUEZ, acusado y peticionario.

*Número:* CE-86-433      *Resuelto:* 26 de enero de 1988

*José Osvaldo Cotto Luna,* abogado del peticionario; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, Josefa A. Román García, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Los hechos de este caso, sencillos y no disputados, suscitan interrogantes fundamentales en torno a la Regla 246 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, disposición que permite el sobreseimiento y archivo de una causa criminal por haber sido indemnizado el perjudicado. Se cuestiona ante nos que el juez de instancia se negara a considerar si el delito en cuestión era transigible a la luz de los criterios que ofrece la regla. Procede que revoquemos la resolución de instancia y devolvamos el caso para procedimientos ulteriores.

# I

Contra Héctor Vázquez se presentó denuncia por violación a la Sec. 5-201 de la Ley Núm. 141 de 20 de julio de 1960, mejor conocida como la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 871.(1) El día en que habría de celebrarse el juicio, el peticionario solicitó verbalmente que se archivara la causa al invocar como fundamento la Regla 246 de Procedimiento Criminal.(2) El Tribunal de Distrito, Sala de Cayey, declaró no ha lugar la solicitud. El fiscal también se opuso. La transcripción del incidente revela el siguiente intercambio verbal entre la defensa y el juez:

---

(1) La denuncia lee como sigue:

"El referido acusado Hector [sic] Vazquez [sic] Vega, allá en o para el dia [sic] 6 de Septiembre de 1985, en Cayey, P. R. que forma parte de la jurisdición [sic] del Tribunal de Distrito de P. R., Sala de Cayey, ilegal, voluntaria, maliciosa · y criminalmente, mientras retrocedia [sic] en su auto marca Ford 1981, tablilla 287-079, desde el estacionamiento del Cartagena Self Service, hacia la via [sic] de rodaje lo hiso [sic] en forma negligente, atolondrada por desprecio de vidas y propiedades dando lugar a que al ocupar los dos carriles de la referida carretera el conductor de la motora Marca [S]uzuki, 1974, tablilla 58724M, que transitaba en via [sic] franca no pudiera detener la marcha e impactara con la parte trasera el panel izquierdo del vehiculo [sic] del referido imputado. Resulto [sic] lesionada [sic] Hiram Santiago Ramos, conductor de la referida motora e indicó que se atenderia [sic] en [sic] un medico [sic] de su confianza posteriormente." Apéndice A, pág. 1.

(2) "Regla 246. Transacciones de Delitos

"Sólo podrán transigirse aquellos delitos menos graves (misdemeanors) en los que la persona perjudicada pudiere ejercer acción civil por los daños sufridos, pero aun tales delitos no podrán transigirse si se cometieren tumultuosamente, o con la intención de cometer un delito grave (felony) o por o contra un funcionario judicial o funcionario del orden público en el ejercicio de sus funciones.

"En aquellos casos en que esta regla permite la transacción, si la parte perjudicada compareciere ante el tribunal donde está pendiente la causa en cualquier momento antes de la celebración del juicio y reconociere plenamente que ha recibido reparación por el daño causádole, el tribunal podrá, en el ejercicio de su discreción, decretar el archivo y sobreseimiento definitivo del caso, previo pago de las costas. El tribunal expondrá los fundamentos del sobreseimiento y archivo, los cuales se harán constar en las minutas. El sobreseimiento y archivo así decretado impedirá la formulación de otro proceso contra el acusado por el mismo delito." 34 L.P.R.A. Ap. II, R. 246.

Juez: La imputación es de conducir negligentemente un ve-hículo de motor. Es así?

Lic: Vuestro Honor, en este caso algo que aquí no ha ocu-rrido en los últimos dos años en que por una Regla de Vuestro Honor no ha habido tampoco recurso radi-cado . . . . En este caso los daños a que se contrae . . . sufridos por el perjudicado son $75.00. Luego de ha-ber entrevistado conciensudamente [*sic*] a nuestro cliente y examinado todos aquellos elementos de la denuncia y de los hechos y creemos en lo que nos ma-nifestó y también en el señor perjudicado. El señor perjudicado se ha comunicado con nosotros y nos ha dicho que su interés es que le retribuyan en algo la pérdida que sufriera de $75 en su motora y eso fue, si no me equivoco, los daños que sufriera, $73.00 con unos centavos redondeados a $75.00. Nosotros te-nemos un cheque, Vuestro Honor, por esa cantidad, un giro de . . . un money orden [*sic*] personal del Banco Popular de Puerto Rico que le vamos a hacer entrega, Vuestro Honor y vamos a solicitar con sugesión [*sic*] a lo dispuesto en la Regla 246 de las de Procedimiento Criminal el archivo por transacción de delito en este caso, Vuestro Honor.

Juez: A la petición, No Ha Lugar.

Lic: Vuestro Honor, entonces quisiéramos que nos diera la oportunidad de ir en un Certiorari a Guayama para que examinen tal determinación de este Tribunal.

Juez: Licenciado, la realidad es que hay una discreción del Tribunal para hacerlo.

Lic: Sí, sabemos que es dentro de la discreción, Vuestro Honor, lo que pasa es que el único caso que discute la capacidad, la discreción de los tribunales al aplicar la Regla 246, el caso del *Pueblo* v. *Ramírez Valentín*, in-formado al 109 DPR 13 de 1979, dice específicamente en una de sus partes, no tenemos el texto completo, que debe haber una oscultación [*sic*] por parte de un Juez de Instancia para ordenar o denegar el archivo de . . . en cuanto a las circunstancias concurrentes con el delito que reflejen elementos de perversidad, teme-ridad o conducta tan crasamente anti-social en el acto

delictivo que le hace encomienda [*sic*] a través del [*sic*] operación del mecanismo penal. Nosotros siempre le hemos manifestado a Vuestro Honor, y yo creo que en más de una ocasión, pensábamos que la discreción del Tribunal no puede ser absoluta en el sentido de denegar en todos los casos como *Regla a priori* . . . .

. . . . . . . .

Juez: Antes de seguir . . . el que usted pueda estar o no convencido del caso bueno, malo o regular que tiene no es razón para pedir un archivo. *Aquí no tenemos conocimiento de nada.* Aquí hay un imputado de delito de conducir negligentemente un vehículo de motor.

Lic: Así es, Vuestro Honor.

Juez: A lo sumo el hecho de que usted ahora le entregue $75.00 a esta persona . . . .

Lic: Así es.

Juez: No altera la situación de derecho para nada. Su imputado está imputado de conducir negligentemente un vehículo de motor y no vamos a detener el procedimiento porque ahora le entregue $75 dólares al perjudicado, porque este es un caso del Pueblo de Puerto Rico contra él. (Énfasis suplido.) T.E., págs. 11–12.

El peticionario acudió en *certiorari* al Tribunal Superior. Dicho foro ordenó que se elevaran los autos del caso para posterior determinación sobre la procedencia del recurso. Finalmente, se negó a expedir el auto, ya que declinó intervenir con el "ejercicio" de la discreción del Juez de Distrito. También fundó su resolución en que el Ministerio Fiscal se opuso al archivo, circunstancia que determinó "bastaría para derrotar la solicitud del peticionario". A solicitud del acusado Héctor Vázquez, el 10 de octubre de 1986 emitimos la Resolución siguiente:

Examinado el escrito del Estado, se le concede al Procurador General un término adicional de veinte (20) días para cumplimentar en *forma documentada* el Informe sometido con una evaluación de la procedencia del recurso a la luz de los

objetivos de la Regla 246 y la naturaleza eminentemente privada del daño causado. Se le solicita al Procurador General que examine si en las circunstancias de este caso existen las condiciones para que el interés sancionador del Estado de poner en vigor la Ley de [Vehículos y] Tránsito y los principios penales modernos se satisfacen con la exclusiva compensación monetaria del mal causado en el accidente que originó esta controversia. También deberá exponer detalladamente si en el caso de autos se cumple con las normas dictadas en *Pueblo* v. *Ramírez Valentín*, 109 D.P.R. [13] (1979) y si el magistrado de instancia abusó de su discreción al negarse a considerar la petición del acusado. (Énfasis en el original.) Resolución de 10 de octubre de 1986.

El Procurador General ha comparecido y estamos en posición de resolver.

## II

■■ En el curso de la evolución histórica de la legislación penal que en forma sumaria esbozamos en *Pueblo* v. *Ramírez Valentín*, 109 D.P.R. 13 (1979), puede observarse la lenta incorporación de las características fundamentales del derecho penal moderno. Se destaca el reconocimiento del carácter público del derecho penal y su aplicación exclusiva por el Estado para la defensa de los intereses de toda la sociedad. Es por ello que, al menos en teoría, ningún delito debiera ser transigible. J. Miller, *The Compromise of Criminal Cases*, 1 So. Cal. L. Rev. 1 (1927).

■ Por excepción, nuestra Regla 246 de Procedimiento Criminal, *supra*, autoriza la transacción de aquellos delitos menos graves en los que la persona perjudicada puede ejercer acción civil por daños, siempre y cuando el delito no sea cometido: (a) tumultuosamente; (b) con la intención de cometer un delito grave; (c) por o contra un funcionario judicial o funcionario del orden público en el ejercicio de sus funciones. La regla concede discreción al tribu-

nal para decretar el archivo, pero una vez ordenado el Estado está impedido de formular otro proceso contra el acusado por el mismo delito. Los precedentes inmediatos de la actual Regla 246 de Procedimiento Criminal, *supra*, son los Arts. 445 a 447 del Código de Enjuiciamiento Criminal de 1935 y las Secs. 1377 a 1379 del Código Penal de California. A su vez, las disposiciones de California derivan directamente de una ley ya inexistente de Nueva York. *People* v. *Moulton*, 182 Cal. Rptr. 761, 765 (1982).

La fórmula no es realmente revolucionaria. Muchos estados permiten en términos muy parecidos la transacción de determinados delitos públicos con permiso del tribunal.[3] Nota, *Construction and Effect of Statute Authorizing Dismissal of Criminal Action Upon Settlement of Civil Liability Growing Out of Act Charged*, 42 A.L.R.3d 315; *Compounding Crimes: Time for Enforcement?*, 27 The Hastings L.J. 175, 191, 192 (1975); 1 *Wharton's Criminal Law* Sec. 45, pág. 226 *et seq.* (1978).

■ Tanto nuestra regla, sus antecedentes, así como normas concordantes descansan en el principio de que no se reconocen efectos definitivos a la transacción entre la parte perjudicada y el acusado de delito menos grave para propósitos del archivo de la acusación penal. Así lo expresamos en *Pueblo* v. *Ramírez Valentín*, supra, pág. 17:

> La regla confiere discreción al juez, que es quien conoce las circunstancias que han distinguido la acción delictiva de que se trata. Ese requisito, no es cosa baladí y denota en cambio, sabio criterio. El juzgador puede advertir circunstancias concurrentes con el delito que reflejen elementos de perversidad,

---

(3) Véanse: Alaska Stat. sec. 12.45.120; Ariz. Rev. Stat. Ann. sec. 13-1591 (Supp. 1973); Cal. Pen. Code sec. 1377–79 (West 1970); Mass. Gen. Laws Ann. Cap. 276, sec. 55 (West 1972); Nev. Rev. Stat. sec. 178.564–568 (1973); Okla. Stat. Ann. tit. 22, sec. 1291–1294 (West 1958); Ore. Rev. Stat. sec. 135.703–709 (1973); Pa. Stat. Ann. tit. 19, sec. 26 (Purdon 1964); Utah Code Ann. sec. 77-50-1-3 (1978).

temeridad o conducta tan crasamente antisocial en el acto delictivo que deban ser corregidos a través de la operación del mecanismo penal. . . . Aclaramos desde entonces [citando a *Pueblo* v. *Collazo*, 51 D.P.R. 451, 456 (1937) y *Pueblo* v. *Tribunal de Distrito y Colón, Int.*, 74 D.P.R. 838, 852–853 (1953)] que en los delitos donde no sólo se lesionan particulares intereses privados, sino que por el contrario se afectan fundamentales postulados sociales y comunitarios el procedimiento criminal es insoslayable.(4)

Los accidentes de tránsito constituyen en nuestros días uno de los mayores problemas de la vida en sociedad. G. Calabresi, *The Costs of Accidents*, New Haven and London, Yale Univ. Press, 1970; A. Beristain, *Objetivación y finalismo en los accidentes de tráfico*, 213 Rev. Gen. Leg. Jur. 794 (1962).(5) La prensa diaria nos informa de tragedias en las carreteras y las estadísticas oficiales ofrecen datos elocuentes. A pesar del esfuerzo combinado entre varias agencias, la empresa privada y la Comisión para la Seguridad en el Tránsito, durante el año fiscal 1985–1986 se experimentó un aumento total de los accidentes, así como en los heridos y

---

(4) Parecidos fundamentos matizan y cualifican la exclusión de evidencia sobre transacciones de reclamaciones. Regla 22(B) de Evidencia, 32 L.P.R.A. Ap. IV. En *Pueblo* v. *Ruiz*, 83 D.P.R. 349, 354–356 (1961), dijimos:

" . . . Hemos resuelto en repetidas ocasiones que prueba sobre negociaciones y ofertas de transacción no es admisible en pleitos civiles. . . .

"Armonizando la política pública que subraya la necesidad de alentar las transacciones como medio de restablecer la paz entre los ciudadanos con las disposiciones expresas que indican los delitos que son transigibles [la vigente Regla 246 de Procedimiento Criminal, *supra*], creemos que debe excluirse prueba sobre ofertas de transacción de delitos y de manifestaciones hechas en el curso de las negociaciones para ello, cuando se trata de delitos menos graves a que se refiere [dicha Regla 246]. En todos los demás casos esta prueba puede ser admitida, pues la oferta de transacción no sólo constituye un acto ilegal que tiende a obstruir la justicia, *sino que el interés público requiere el castigo de la ofensa como medio de reparación a la sociedad, y no entra en consideración el factor de paz y tranquilidad pública.*" (Escolio omitido y énfasis suplido.)

(5) Sobre la responsabilidad derivada del uso de vehículos de motor, véase J. Santos Briz, *La responsabilidad civil*, 3ra ed. rev., Madrid, Ed. Montecorvo, 1981, pág. 495 *et seq.*

muertes. El total de accidentes aumentó de 101,622 en el 1984–1985 a 107,934 en 1986. Durante ese año, el total de las fatalidades aumentó de 585 a 606. Véase, en general, Informe Anual 1985–1986 de la Comisión para la Seguridad en el Tránsito. En *González v. Seatrain Lines of P.R.*, 106 D.P.R. 494, 502–503 (1977), nos referimos al auge en los accidentes en nuestras vías públicas.[6]

Esta alarmante incidencia tiene sus repercusiones en la administración de la justicia y la actividad judicial. Se informa que para el 30 de junio de 1984, el Tribunal de Distrito tenía 7,398 casos de tránsito pendientes. De todos los casos presentados el 33.4% correspondía a casos de este tipo. Informe Anual de la Oficina de Administración de los Tribunales para 1983–1984, pág. 44. Consciente de esta situación el Consejo sobre la Reforma de la Justicia en su Informe especial sobre la Ley de Vehículos y Tránsito de 16 de marzo de 1976, págs. 5–6, recomendaba que "[p]or la naturaleza de los intereses envueltos en los accidentes resultantes a infracciones a la Ley de Vehículos y Tránsito de Puerto Rico . . . se instruya a los jueces o se disponga expresamente que la Regla 246 de las de Procedimiento Criminal, que se refiere a la transacción de delitos, debe ser aplicada liberalmente en los casos de accidentes en automóviles, siempre que no resulten en daños a la persona, resultantes de infracciones a la Ley de Vehículos y Tránsito en que el perjudicado ha sido resarcido de sus daños y no mantiene interés en el trámite judicial de naturaleza criminal. La liberalidad en este aspecto generalmente resulta en la reducción de un caso criminal y del posterior caso civil que generalmente lo acompaña".[7]

---

[6] Recientemente se aprobó la Ley Núm. 9 de 27 de marzo de 1987 (9 L.P.R.A. sec. 1872a) para incorporar la Sec. 16-102A a la Ley Núm. 141 de 20 de julio de 1960 (9 L.P.R.A. sec. 871), a los fines de proveer para el pago de daños.

[7] El Informe sobre Reglas de Procedimiento Criminal de Puerto Rico, según revisadas por el Secretariado de la Conferencia Judicial en 1985, pág. 435,

■ Reconocemos el matiz público de los delitos tipificados por la Ley de Vehículos y Tránsito. La nota se da en toda legislación de orden penal. Notamos, sin embargo, que la Regla 246 de Procedimiento Criminal, *supra*, no establece excepción alguna para los casos de conducta imprudente o temeraria en el uso de vehículos de motor. Una actitud judicial sistemática de rechazo o de aceptación sin ponderación de las circunstancias que rodean el delito y la seriedad de los daños causados es contraria a la letra y a la idea que inspira la norma procesal. *People* v. *Stephen*, 227 Cal. Rptr. 380 (1986); *State* v. *Perdang*, 684 P.2d 781, 783 (1984); *State Ex Rel. Fitch* v. *Roxbury Dist. Court*, 629 P.2d 1341, 1344 (1981). *Cf. City of Seattle* v. *Stokes*, 712 P.2d 853 (1986). Tampoco constituye un ejercicio válido de discreción judicial. *Pueblo* v. *Sánchez González*, 90 D.P.R. 197, 200 (1964); *Santa Aponte* v. *Srio. del Senado*, 105 D.P.R. 750, 770 (1977); K. Greenawalt, *Discretion and Judicial Decision: The Elusive Quest for the Fetters that Bind Judges*, 75 Colum. L. Rev. 359 (1975); M. Rosenberg, *Judicial Discretion of the Trial Court, Viewed from Above*, 22 Syracuse L. Rev. 635 (1971); R. Pound, *Discretion, Dispensation and Mitigation: the Problem of the Individual Special Case*, 35 N.Y.U. L. Rev. 925 (1960).

■ La conducción temeraria puede responder a numerosos patrones. A mayor grado de previsibilidad del evento, mayor imprudencia. No es posible determinar, sin embargo, desde este foro apelativo, si en tal o cual supuesto el acto delictivo debe ser corregido a través del mecanismo penal. *People* v. *Moulton*, 182 Cal. Rptr. 761, 767–768 (1982). Ello corresponde determinarlo al juez de instancia quien está en

---

también recomendaba, al hacerse eco del P. de la C. 58 de 1985, la transacción de ciertos delitos aun en la etapa ante el magistrado (Regla 22 de Procedimiento Criminal, 34 L.P.R.A. Ap. II).

mejor posición de apreciar las circunstancias de lugar, tiempo y modo; la importancia de las precauciones omitidas y, en fin, el grado de imprevisión que genera el accidente. Véase, en general, F. Gómez de Liaño, *La imprudencia punible en el uso de vehículos a motor: aspecto sustantivo y procesal*, Salamanca, Impr. Graficase, 1973.

■ Por último, no existe expresión alguna en la Regla 246 de Procedimiento Criminal, *supra*, indicativa de que la autoridad judicial para actuar a su amparo está limitada por la anuencia del Ministerio Público. Aunque no estamos obligados por las decisiones de los tribunales estatales, lo contrario es la norma. Nota, 42 A.L.R.3d 315, 319; *State* v. *Nelles*, 713 P.2d 806, 809–810 (1986). Resolvemos que la determinación sobre si un delito es transigible al amparo de la Regla 246 de Procedimiento Criminal, *supra*, corresponde únicamente al juez. El fiscal debe ser oído y el tribunal, en el ejercicio de informada discreción, debe resolver conforme a derecho. *Hoines* v. *Berney's Club, Inc.*, 28 Cal. 3d 603, 170 Cal. Rptr. 42, 47, 620 P.2d 628, 633 (1980). Aclarado el marco doctrinal, procede que examinemos el cuadro fáctico en este caso.

De la denuncia surge que aquí se trata de un conductor de un automóvil que al retroceder en forma negligente ocasiona que una motocicleta lo impacte por el panel izquierdo de la parte trasera del vehículo. Los daños fueron estimados en setenta y cinco dólares. La lesión del perjudicado no requirió atención de emergencia ni hospitalización. De la denuncia surge que la víctima se atendería con un médico de su confianza posteriormente.

■ En estas circunstancias, el Tribunal de Distrito no podía rechazar de plano la solicitud de archivo al amparo de la Regla 246 de Procedimiento Criminal, *supra*, ignorando

las circunstancias que distinguen al delito en cuestión. Correspondía al juez de instancia explicar los "elementos de perversidad, temeridad o conducta anti-social que deban ser corregidos a través de la operación del mecanismo penal". *Pueblo* v. *Ramírez Valentín*, supra, pág. 17. Al negarse a considerar la petición el tribunal a quo abusó de su discreción.

Por las razones que anteceden, *se revoca la resolución de instancia y se devuelve el caso al tribunal de origen para continuación de los procedimientos.*

El Juez Asociado Señor Negrón García concurre con el resultado sin opinión escrita.