EL PUEBLO DE PUERTO RICO, recurrido, *v.* SAMUEL MARRERO RAMOS y RAFAEL RIVERA LÓPEZ, acusados y peticionarios.

*Número:* CE-89-211      *Resuelto:* 2 de enero de 1990

92

*Enrique Miranda Merced*, abogado de los peticionarios; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General*, y *María Adaljisa Dávila, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

█ Hace veinticinco (25) años advertimos en *Pueblo v. Sánchez González*, 90 D.P.R. 197, 200 (1964), que:

> Ningún Tribunal de Justicia posee discreción absoluta. Se puede establecer como principio invariable, que cualquier delegación de poder legislativo concediendo discreción absoluta, resultaría inconstitucional, pues ello equivaldría a una delegación *in toto* del poder legislativo, actuación contraria a los cánones constitucionales de una democracia.

Esa sabia, justa y lógica admonición no ha impedido que en casos como el presente se abuse de la discreción judicial que le otorga la ley a los magistrados de nuestro sistema. Veamos los hechos que nos obligan a intervenir en este caso.

El Estado presentó denuncias contra los peticionarios por infracciones al Art. 256 del Código Penal, 33 L.P.R.A. sec. 4491, delito grave,[1] y varias disposiciones de la Ley de Vehículos y Tránsito de Puerto Rico. El magistrado instruc-

---

[1] Definido de la forma siguiente:

"Toda persona que usare violencia o intimidación contra un funcionario o empleado público para compelerlo a ejecutar un acto contrario a sus deberes o a omitir un acto inherente a sus funciones, o que empleando violencia o intimidación ofreciere resistencia a dicho funcionario o empleado en el cumplimiento de su deber, será sancionada con pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dos (2) años." 33 L.P.R.A. sec. 4491.

tor no encontró causa para acusar por el delito grave y sí por el delito menos grave tipificado en el Art. 258 del Código Penal, 33 L.P.R.A. sec. 4493.[2]

El juicio fue señalado para ventilarse en el Tribunal de Distrito, Sala de Carolina.

La defensa y el Ministerio Público presentaron al tribunal (De León, Juez de Distrito) una alegación preacordada mediante la cual Samuel Marrero Ramos se declararía culpable de las infracciones a las Secs. 3-301,[3] 5-1402[4] y 2-801[5] de la Ley de Vehículos y Tránsito de Puerto Rico. El Fiscal solicitó el archivo de los cargos por infracción al Art. 258 del Código Penal, *supra*, que pesaba contra ambos acusados y el cargo por infracción a la Sec. 5-304 (9 L.P.R.A. sec. 895) sometida contra Samuel Marrero Ramos.

El magistrado se negó a considerar la alegación preacordada fundamentándose en que él no aceptaba que el Ministerio Público archivara denuncias por violación al Art. 258 del Código Penal, *supra*. La defensa presentó en el Tribunal Superior, Sala de Carolina, una petición de *certiorari*. El tribunal paralizó los procedimientos y ordenó al Estado contestar la petición dentro de diez (10) días.

En su contestación, el Estado, aunque aceptó que la relación de hechos de la defensa era correcta, sostuvo que el magistrado "actuó correctamente dentro de su discreción al negarse a dar su aprobación a la alegación preacordada".

---

[2] Que dispone:
"Toda persona que voluntariamente resistiere u obstruyere, demorare o estorbare a cualquier funcionario o empleado público en el cumplimiento o al tratar de cumplir algunas de las obligaciones de su cargo, será sancionada con pena de reclusión que no excederá de seis meses o multa que no excederá de quinientos dólares o ambas penas a discreción del tribunal." 33 L.P.R.A. sec. 4493.

[3] 9 L.P.R.A. sec. 721 (uso ilegal de licencia).

[4] 9 L.P.R.A. sec. 1212 (uso de cinturones de seguridad).

[5] 9 L.P.R.A. sec. 591 (conducir sin licencia y/o registro del vehículo).

El tribunal confirmó la decisión recurrida. A instancia de los acusados, revisamos mediante el trámite de mostrar causa.[6]

I

■ El procedimiento para reglamentar el sistema de alegaciones preacordadas fue inicialmente adoptado por este Tribunal en *Pueblo v. Mojica Cruz*, 115 D.P.R. 569, 577 (1984). Como dijéramos en dicha ocasión:

> No podemos por más tiempo ignorar que la negociación de alegaciones de culpabilidad es una práctica generalizada desde hace tiempo en el sistema procesal, en lo criminal. Se le oculta como si fuese algo turbio y misterioso, pero es una realidad que no puede soslayarse por más tiempo. Hay que descorrer su velo de misterio y dejar sentado, a plena luz, que la negociación de alegaciones de culpabilidad es una práctica de gran utilidad para el sistema de impartir justicia y debe estimularse. Véanse, *e.g.*, *Bordenkircher* v. *Hayes*, 434 U.S. 357, 361 (1978); *Blackledge* v. *Allison*, 431 U.S. 63, 71 (1977); *Santobello* v. *New York*, 404 U.S. 257, 260–261 (1971). Sin las alegaciones preacordadas sería muy difícil, si no imposible, enjuiciar a todas las personas acusadas de cometer delitos dentro de los términos mandados por el ordenamiento procesal y por la Constitución.

Así lo reconoció el legislador al establecer dicho procedimiento y adicionar una nueva Regla 72 de Procedimiento Criminal, 34 L.R.P.A. Ap. II.[7] De manera que luego de ser avalada por las tres (3) ramas de gobierno, ahora se sigue este trámite:

---

[6] Los acusados han sido hábilmente representados por la Clínica de Asistencia Legal de la Escuela de Derecho de la Universidad de Puerto Rico. El Procurador General presentó un fundamentado escrito.

[7] Véase Exposición de Motivos de la Ley Núm. 37 de 28 de junio de 1985, Leyes de Puerto Rico, pág. 145.

En todos aquellos casos en que mediaren alegaciones preacordadas entre la defensa del imputado y el representante del Ministerio Público, se seguirá el siguiente procedimiento:

(1) El fiscal y el imputado, por mediación de su abogado, podrán iniciar conversaciones con miras a acordar que, a cambio de una alegación de culpabilidad por el delito alegado en la acusación o denuncia, o por uno de grado inferior o relacionado, el fiscal se obliga a uno o varios de los siguientes cursos de acción:

(a) solicitar el archivo de otros cargos pendientes que pesen sobre él;

(b) eliminar alegación de reincidencia o delincuencia habitual;

(c) recomendar una sentencia en particular o no oponerse a la solicitud que haga la defensa sobre una sentencia específica, entendiéndose que ni lo uno ni lo otro serán obligatorios para el tribunal, o

(d) acordar que determinada sentencia específica es la que dispone adecuadamente del caso.

El tribunal no participará en estas conversaciones.

(2) De llegarse a un acuerdo, las partes notificarán de sus detalles al tribunal en corte abierta, o en cámara si mediare justa causa para ello. Dicho acuerdo se hará constar en récord. Si el imputado se refiere a alguno de los cursos de acción especificados en las cláusulas (a), (b) y (d) del inciso (1) de esta regla, el tribunal podrá aceptarlo o rechazarlo, o aplazar su decisión hasta recibir y considerar el informe presentencia. Si el curso de acción acordado fuere del tipo especificado en la cláusula (c) de dicho inciso el tribunal advertirá al imputado que si la recomendación del fiscal o la solicitud de la defensa no es aceptada por el tribunal, el imputado no tendrá derecho a retirar su alegación.

(3) Si la alegación preacordada es aceptada por el tribunal, éste informará al imputado que la misma se incorporará y se hará formar parte de la sentencia.

(4) Si la alegación preacordada es rechazada por el tribunal, éste así lo informará a las partes y advertirá al imputado personalmente en corte abierta, o en cámara si mediare justa causa para ello, que el tribunal no está obligado por el acuerdo, y brindará al imputado la oportunidad de retirar su

alegación. Le advertirá, además, que si persiste en su alegación de culpabilidad, la determinación final del caso podrá serle menos favorable que la acordada entre su abogado y el fiscal. De este trámite se tomará constancia en el récord.

(5) La notificación al tribunal sobre una alegación preacordada se hará antes del juicio, preferiblemente en el acto de lectura de la acusación, pero el tribunal podrá, en el ejercicio de su discreción, si las circunstancias lo ameritaren, permitirlo en cualquier otro momento.

(6) La existencia de una alegación preacordada, sus términos o condiciones, y los detalles y conversaciones conducentes a la misma no serán admisibles contra el imputado en ningún procedimiento criminal, civil o administrativo si la alegación preacordada hubiere sido rechazada por el tribunal o invalidada en algún recurso posterior o retirada válidamente por el imputado. Lo anterior será admisible por excepción en un procedimiento criminal por perjurio contra el imputado basado en manifestaciones hechas por él bajo juramento.

(7) Al decidir sobre la aceptación de una alegación preacordada el tribunal deberá cerciorarse de que ha sido hecha con pleno conocimiento, conformidad y voluntariedad del imputado; que es conveniente a una sana administración de justicia, y que ha sido lograda conforme a derecho y a la ética. A este fin, el tribunal podrá requerir del fiscal y del abogado del imputado aquella información, datos y documentos que tengan en su poder y que estime necesarios, y podrá examinar al imputado y a cualquier otra persona que a su juicio sea conveniente.

No podrá acogerse al sistema de alegaciones preacordadas ninguna persona a quien se le impute la violación a los incisos (a) y (b) de la sec. 2405 ó la sec. 2411a del Título 24, parte de la Ley de Sustancias Controladas de Puerto Rico. 34 L.P.R.A. Ap. II, R. 72.

▮ Hoy ratificamos la sabiduría, necesidad e idoneidad de este sistema.

## II

▮ De los hechos incontrovertidos en este caso se desprende que la única razón que tuvo el magistrado para

rechazar la alegación preacordada fue su particular y personalísima visión del delito tipificado en el Art. 258 del Código Penal, *supra*. El resultado es que en la Sala presidida por dicho magistrado nunca habrá un fundamento válido o razón de orden público que justifique una alegación preacordada si el Estado ha optado por procesar a un ciudadano por violación al Art. 258 del Código Penal, *supra*, ya que allí el crimen imputado es tan grave y tan horrendo como para impedir el uso del mecanismo de la Regla 72 de Procedimiento Criminal, *supra*.[8] Ello a pesar de que el legislador sólo ha excluido del ámbito de la Regla 72 de Procedimiento Criminal, *supra*, los casos por violación a los incisos (a) y (b) del Art. 405 o el Art. 411A, parte de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. secs. 2405(a) y (b) y 2411a.[9] Al así pensar, actuar y resolver, el juez de instancia no sólo ha hecho mal uso de la discreción judicial que le confiere la Regla 72 de Procedimiento Criminal, *supra*, sino que también se ha convertido en un legislador para crear una exclusión no establecida por la ley.

■ Sin que derrotemos o debilitemos la amplia discreción que tienen los tribunales de justicia para aceptar, rechazar o modificar una alegación preacordada, en este caso específico hubo un claro abuso de discreción.

■ La decisión aquí revisada guarda gran similitud con la de *Pueblo v. Vázquez*, 120 D.P.R. 369 (1988). Allí el Juez de Distrito rechazaba las solicitudes de archivo por transacción bajo la Regla 246 de Procedimiento Criminal, 34 L.P.R.A.

---

[8] Para otra cara de la moneda que destaca la indebida intervención de la Policía, véase *Pueblo v. Ortiz Díaz*, 123 D.P.R. 865 (1989).

[9] El Art. 411A de la Ley de Sustancias Controladas de Puerto Rico sanciona la introducción de drogas en las escuelas e instituciones dedicadas a la prevención, y los incisos (a) y (b) del Art. 405 la distribución de drogas a personas menores de dieciocho (18) años, 24 L.P.R.A. secs. 2411a y 2405(a) y (b), respectivamente.

Ap. II, en los casos de conducta imprudente o temeraria en el uso de vehículos de motor. Al rechazar dicho patrón de conducta, resolvimos que: "Una actitud judicial sistemática de rechazo o de aceptación sin ponderación de las circunstancias que rodean el delito y la seriedad de los daños causados es contraria a la letra y a la idea que inspira la norma procesal." *Pueblo v. Vázquez*, supra, pág. 378.

■ Reconocemos que los tribunales pueden evitar que por falta de seguimiento, comunicación o coordinación se incurra en y se acepten alegaciones preacordadas en delitos revestidos de incuestionable interés público. *Pueblo v. Ayala Rodríguez*, 116 D.P.R. 382 (1985). Pero ello no puede justificar un rechazo absoluto a toda alegación preacordada por la única razón de que el juez entiende que el delito en particular es demasiado serio y grave.

Bajo las circunstancias presentes, *el Tribunal de Distrito se excedió en su discreción al rechazar la alegación preacordada y el Tribunal Superior incidió al resolver que el juez de instancia no había abusado de su discreción y que su actuación "está dentro del marco de lo correcto".*

*Se dictará la sentencia correspondiente.*