# 2007 DTA 128

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE CAROLINA/GUAYAMA**
**PANEL XIII**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

ISRAEL BARRETO OLAVARRÍA
Recurrido

Núm. KLCE-2007-01422

San Juan, Puerto Rico, a 9 de noviembre de 2007

Panel integrado por su Presidente, el Juez Ortiz Carrión,
la Juez Fraticelli Torres y el Juez Rosario Villanueva

Rosario Villanueva, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece el Procurador General de Puerto Rico (peticionario), para solicitar la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala de Guayama (T.P.I.). Mediante dicha resolución, el T.P.I., luego de aceptar la alegación de culpabilidad del Sr. Ismael Barreto Olavarría (recurrido) y con la oposición del Ministerio Público, y el rechazo del Programa *Drug Court*, refirió al recurrido indicando que *"el señor Barreto Olavarría será aceptado en el Programa de Drug Court"*.

El recurso fue acompañado con una Moción en Auxilio de Jurisdicción, mediante la cual se nos solicita la paralización del acto de lectura de sentencia señalado para el 15 de octubre de 2007.

### I

Contra el recurrido se presentaron varias denuncias por infringir los Arts. 192, 193, 204, 207, 208, 224 del Código Penal de 2004, 33 L.P.R.A. secs. 4820, 4821, 4832, 4835, 4836, 4852, constitutivos de escalamiento, daños, daño agravado, apropiación ilegal, apropiación ilegal agravada y posesión y traspaso de documentos falsificados. El recurrido renunció a la vista preliminar en cuanto a los delitos graves.

Celebrados los trámites correspondientes, el Ministerio Público presentó las acusaciones que totalizaron catorce (14) cargos por violación a los artículos antes citados sobre escalamiento, daños, daños agravados, apropiación ilegal, apropiación ilegal agravada y posesión y traspaso de documentos falsificados. En síntesis, al recurrido se le imputó haber penetrado a varios establecimientos comerciales y apropiarse de equipo y mercancía. El total de la mercancía y valores apropiados ilegalmente ascendió a $2,893.48. También se alegó que el recurrido provocó daños a dichos establecimientos al romper vitrinas y otros objetos. Los daños infligidos a los establecimientos fueron por un total de $18,900.00 Asimismo, se señaló que los escalamientos fueron cometidos en compañía de dos (2) menores de edad. Finalmente, se alegó que el acusado circuló como genuinos varios cheques con intención de defraudar. Los cheques circulados de forma fraudulenta totalizaron $1,800.00.

Sin previa solicitud por parte del Ministerio Público, el acusado fue referido para evaluación por parte del Programa *Drug Court*. En dicha etapa, el Ministerio Público se opuso debido a la cantidad de cargos formulados contra el acusado y la cuantía del equipo y mercancía apropiados ilegalmente, así como al total de los daños y de los cheques falsificados circulados por el acusado. Asimismo, el **Ministerio Público entendió que la naturaleza de los delitos imputados requería la restitución de lo apropiado ilegalmente**. Durante una vista celebrada el 30 de mayo de 2007, el tribunal advino en conocimiento de que el acusado tenía otros casos pendientes en la región judicial de Carolina en los cuales había hecho alegación de culpabilidad y estaba participando del Programa *Drug Court*.

El Programa *Drug Court* emitió una recomendación **desfavorable** para el acusado en vista de la oposición del Ministerio Público. Así las cosas, el 15 de junio de 2007, el acusado presentó una solicitud de reconsideración a los fines de que se le refiriera a dicho programa. Adujo que la oposición del Ministerio Público era injustificada, toda vez que el acusado carecía de recursos económicos para restituir lo apropiado ilegalmente, pues era indigente. También planteó que había hecho alegación de culpabilidad como parte de un supuesto acuerdo según el cual se le concedería el beneficio de *Drug Court*.

Por su parte, el Ministerio Público se opuso a la solicitud de reconsideración mediante una moción presentada el 24 de agosto de 2007. En primer lugar, planteó que el alegado acuerdo para referirlo al Programa *Drug Court*

era inexistente, pues no había sido suscrito por fiscalía. Indicó que tal acuerdo surgió de una nota escrita por la representación legal del acusado en el documento de renuncia a la vista preliminar donde indicó: *"[r]enuncia a vista preliminar para reclasificar todos los casos de tercer grado (2), escalamiento y (1) 193, pena de cuarto grado a 3 años y el 20% a cumplir. En la alternativa referir al cliente al Programa Drug Court; de calificar se hará alegación por los delitos imputados".* El Ministerio Público señaló que esta nota a manuscrito no constituia un acuerdo, pues ni siquiera tenía la firma del fiscal a cargo del caso. En segundo lugar, adujo que la Regla 247.1 de Procedimiento Criminal requiere que el Ministerio Público sea quien presente la solicitud de desvío al amparo de dicha disposición. En tercer lugar, indicó que el acusado **no** cualificaba para el programa de desvío en vista de la naturaleza de los delitos cometidos y de que las víctimas también tenían derecho a obtener un remedio consistente en que el acusado fuese sentenciado por la vía ordinaria.

El foro primario celebró una vista a los fines de discutir la moción de reconsideración y señaló la celebración del juicio para el 27 de agosto de 2007. En dicha ocasión, el acusado hizo alegación de culpabilidad en todos los cargos sin mediar un preacuerdo con el Ministerio Público. La alegación de culpabilidad fue aceptada por el T.P.I. Quien, en su consecuencia, declaró culpable y convicto al peticionario. El Ministerio Público solicitó en sala que se le notificase la minuta y se emitiese una resolución por escrito. Posteriormente, el 6 de septiembre de 2007, el Ministerio Público reiteró dicha solicitud mediante una moción.

Mediante una resolución emitida el 6 de septiembre de 2007, y notificada el 13 de septiembre, el T.P.I. refirió al acusado al Programa *Drug Court*. Razonó que por tratarse de una persona sin recursos económicos, éste no podía restituir lo apropiado ilegalmente y que dicha circunstancia no debía ser impedimento para que se le concediese el beneficio del Programa *Drug Court*. El acto de lectura de sentencia fue señalado para el 15 de octubre de 2007.

No conforme con la resolución del T.P.I., el peticionario recurre a este foro y alega que el T.P.I. cometió el siguiente error:

*"Erró el Tribunal de Primera Instancia al conceder el beneficio de desvío al recurrido, en contravención a lo dispuesto en la Regla 247.1 de Procedimiento Criminal, al no haber sido solicitado el desvío por el Ministerio Público ni mediar un convenio firmado por las partes a esos fines, según lo requiere el ordenamiento procesal."*

## II

El Programa de *"Drug Court"* fue establecido en nuestra jurisdicción para poner en vigor la política pública auspiciada por el estatuto federal *"Omnibus Crime Control and Safe Streets Act of 1968"*, según enmendado, 42 U.S.C. secs. 3796ii y ss. Dicho estatuto autorizó la asignación de fondos federales para promover la creación de programas estatales de supervisión de, entre otros, ofensores con problemas de adicción a las drogas que hubieran incurrido en delitos menos graves u ofensas de naturaleza no violenta.

El Programa contempla la supervisión activa de este tipo de ofensores mediante un programa de rehabilitación en el que participan diversas agencias, así como los tribunales. El tratamiento de rehabilitación está dirigido por la Administración de Servicios de Salud Mental y Contra la Adicción (*"A.S.S.M.C.A."*) e incluye el seguimiento y supervisión judicial del participante.

En el Salón Especializado en Casos de Sustancias Controladas es la aplicación el concepto de justicia terapéutica en los tribunales, a través de un seguimiento judicial intensivo mediante la celebración de vistas de seguimiento. La meta principal es reducir la reincidencia criminal de personas con problemas de adicción. Este programa le concede la oportunidad y herramientas necesarias a un acusado para superar de su adicción a las sustancias controladas.

El Programa *Drug Court* está enmarcado en un modelo multidisciplinario donde se atienden las necesidades

biosicosociales del participante hasta que éste se recupera de su dependencia de sustancias o fármacos. El Juez Coordinador del programa utiliza como mecanismos de supervisión la toma de muestras toxicológicas, la implementación de incentivos y sanciones, las vistas de seguimiento periódicas y la estrecha comunicación mediante reuniones de equipo con las agencias que ofrecen apoyo al Programa. Estas agencias son, Administración de Corrección, ASSMCA, Policía de Puerto Rico, Sociedad para Asistencia legal y el Departamento de Justicia en colaboración con la Rama Judicial. Lo que distingue una sala especializada de droga de las demás es el rol activo que asume el juez, quien supervisa al acusado mediante un monitoreo intenso con miras a la rehabilitación.

Para que un juez pueda referir a un acusado a Programa "*Drug Court*", como norma general, debe tener la anuencia del ministerio público.

Aunque en su origen el Programa estaba subsidiado por fondos federales, al presente el mismo funciona mediante la asignación de fondos por el Estado Libre Asociado de Puerto Rico. Véase, e.g., las Resoluciones Conjuntas Núm. 160 del 9 de agosto de 2001, Núm. 672 y Núm. 694 del 17 de agosto de 2002.

Las normas de funcionamiento para la fase judicial de dicho Programa se encuentran expresadas en el Memorando Núm. 223 aprobado por la Oficina de la Administración de los Tribunales el 2 de abril de 1996. Véanse, además, el Memorando 222 de la O.A.T. del 2 de abril de 1996; los Memorandos Núms. 245 y 246 de la O.A.T. del 26 de abril de 1996; y los Memorandos Núms. 314, 315 y 316 de la O.A.T. de 14 de mayo de 1997.

De acuerdo al citado Memorando Núm. 223 de 2 de abril de 1996, para poder ser participante del Proyecto "*Drug Court*", la persona tiene que reunir los siguientes criterios: (1) el delito debe ser no violento; (2) la persona debe manifestar un problema demostrado de abuso de sustancias; (3) la persona debe manifestar interés y disposición en recibir tratamiento; (4) el historial criminal previo de la persona, si alguno, debe estar limitado a delitos no violentos, si alguno, y no puede tener delito grave y de naturaleza no grave; (5) la persona tiene que haber realizado una alegación de culpabilidad y cualificar para las probatorias especiales supervisadas por la Administración de Corrección bajo el Art. 404(b) de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404(b), y el Programa T.A.S.C. bajo la Regla 247.1 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247.1 (Supl. 2001).

El procedimiento establecido por el referido Memorando contempla que los candidatos al Programa sean identificados desde la etapa de vista preliminar y sean evaluados por la A.S.S.M.C.A. a esos fines. El Memorando no contempla la participación del Ministerio Público en esta etapa.

Una vez el acusado hubiera hecho una alegación de culpabilidad, si los informes de evaluación de A.S.S.M.C. A. **reflejan que cualifica** para el Programa de "*Drug Court*", entonces el Tribunal, "*con la aceptación del acusado y el visto bueno del fiscal y del abogado de la defensa, decretará el desvío judicial a "Drug Court*" y determinará la participación del acusado en dicho programa.

Normas parecidas fueron expresadas por el Secretario de Justicia en su Orden Administrativa Núm. 97-02 del 4 de junio de 1997, dirigida a reglamentar el componente de Fiscalía del Programa de "*Drug Court*".

Dicha Orden Administrativa dispone que para ser elegible al Programa, la persona debe cumplir con los siguientes requisitos: (1) ser identificado como adicto a drogas; (2) estar dispuesto a ingresar al tratamiento para rehabilitación dirigido por A.S.S.M.C.A.; (3) haber cometido un delito cuyos hechos no envuelvan violencia; (4) ser la primera infracción de la persona o tener un historial limitado a delitos que no impidan una probatoria ordinaria; (5) hacer alegación de culpabilidad; y (6) cualificar para las probatorias especiales establecidas por el Art. 404(b) de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404(b), y la Regla 247.1 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247.1

Conforme se desprende de lo anterior, la concesión de este beneficio no está gobernada por normas jurídicas independientes, sino que el Programa de rehabilitación de *"Drug Court"* se ha equiparado a los desvíos establecidos por el Art. 404(b) de la Ley de Sustancias Controladas y la Regla 247.1 de las de Procedimiento Criminal.

El primero de estos preceptos establece un procedimiento de desvío para personas acusadas de posesión de sustancias controladas, que hubieran sido halladas culpables o hubiesen hecho alegación de culpabilidad, y que hubiesen consentido a someterse al procedimiento. En estos casos, se confiere autoridad al Tribunal para, *"sin hacer pronunciamiento de culpabilidad,..., suspender todo procedimiento y someter a dicha persona a libertad a prueba bajo los términos y condiciones razonables que tenga a bien requerir"*, los que, de ordinario, incluyen someterse a un tratamiento de rehabilitación. En caso en que la persona cumpla con todas las condiciones fijadas, el Tribunal, al cumplirse el período de la libertad a prueba, puede, previa celebración de vista, exonerar a la persona y sobreseer el caso en su contra. 24 L.P.R.A. sec. 2404(b); véanse, *Pueblo v. Texidor Seda*, 128 D.P.R. 578 (1991); *Pueblo v. Román Santiago*, 109 D.P.R. 485 (1980); *Martínez Reyes v. Tribunal Superior*, 104 D.P.R. 407 (1975).

La Regla 247.1 de las de Procedimiento Criminal permite que, luego del acusado hacer una alegación de culpabilidad y sin hacer pronunciamiento de culpa, cuando el Secretario de Justicia o el fiscal lo solicitare y presentarse evidencia que el acusado ha suscrito un convenio para someterse a tratamiento y rehabilitación en un programa del Estado Libre Asociado o privado, el Tribunal suspenda el procedimiento y someta a la persona a una libertad a prueba, bajo los términos y condiciones que tenga a bien requerir.

La decisión de admitir una alegación y de conceder o no a un acusado un privilegio establecido por la Ley es una determinación estrictamente judicial. *Pueblo v. Santiago Agricourt, supra,* a las págs. 198-199; *Pueblo v. Figueroa García, supra,* a la pág. 810; *Pueblo v. Cintrón Antonsanti*, 148 D.P.R. 39 (1999).

El Tribunal, en este sentido, viene obligado a cerciorarse que la alegación tenga una base suficiente en los hechos, previo a aceptarla. *Pueblo v. Santiago Agricourt, supra,* a la pág. 205. Aunque el Tribunal puede y debe tomar en consideración la posición del Fiscal sobre el asunto, la cual debe recibir una ponderación adecuada, *Pueblo v. Castellón Calderón*, 151 D.P.R. 15 (2000); *Pueblo v. Dávila Delgado*, 143 D.P.R. 157 (1997); *Pueblo v. Cintrón Antonsanti, supra,* somos de la opinión que la concesión del beneficio de participación en el programa de desvío del *"Drug Court"* a una persona que de otro modo cumple con los requisitos para participar en dicho programa, no depende exclusivamente de la anuencia del Ministerio Público, *Pueblo v. Vázquez*, 120 D.P.R. 369, 379 (1988).

Los mecanismos de desvío no son una gracia que proviene del mero arbitrio de los fiscales, o aun de los jueces, sino que este tipo de mecanismo halla su fundamento en la ley, la que dispone cuáles son los requisitos para su concesión o denegatoria. ■

La interpretación final de las leyes es facultad exclusiva de los tribunales. Véase, *Colón Cortes v. Pesquera*, 150 D.P.R. 724, 753 (2000); *Misión Ind. P.R. v. J.P.*, 146 D.P.R. 64, 112 (1998); *P.P.D. v. Gobernador I*, 139 D.P.R. 643, 678 (1995); *Silva v. Hernández Agosto*, 118 D.P.R. 45, 54-55 (1986); *Peña Clos v. Cartagena*, 114 D.P.R. 576, 591 (1983).

Por supuesto, el T.P.I. es quien tiene la decisión última de conceder o no el desvío. Sin embargo, previo a que el tribunal pueda ejercer su discreción en tormo a la concesión del beneficio debe celebrar una vista en la cual deberá escuchar a todas las partes, y asegurarse que se cumplan con todos los requisitos establecidos por la Regla 247.1, *supra.*

Un juez podría referir a un acusado al Programa *"Drug Court"* con la objeción del Ministerio Público

únicamente si luego de escuchar a todas las partes se convence que la objeción del Ministerio Público es caprichosa, infundada, en contra del espíritu rehabilitador de la ley y constituye un grave y claro abuso de la discreción del fiscal. En la resolución, el juez deberá expresar por escrito los hechos y fundamentos que apoyan su determinación.

La Regla 247.1 de las de Procedimiento Criminal parece condicionar la concesión de un desvío a la existencia de un *"convenio"* entre el acusado y el Ministerio Público. No juzgamos, sin embargo, que ello confiera potestad al Ministerio Público para, en todos los casos, impedir a su arbitrio que se confiera este privilegio a un acusado. Ello convertiría al Ministerio Público en el intérprete final del precepto, en menoscabo de las facultades del Poder Judicial.

## III

El TPI en el presente caso aceptó la alegación de culpabilidad hecha por el acusado y en su consecuencia lo declaró culpable y convicto por las siguientes infracciones:

*"a) G BD200600260 infracción al Artículo 208 del Código Penal*

*b) G BD2006G0258, G BD2006G0259 y G BC2006G0261 infracción al Artículo 204 del Código Penal*

*c) G BD2006G0255, G BD2006G0256 y G BD2006G0257 infracción al Artículo 193 del Código Penal*

*d) G ST2006G0077, G ST2006G0078, G ST2006G0079, GST2006G0080 y GST2006G0081 infracción Artículo 224 del Código Penal*

*e) G1CR2006000515 y G1CR200600516 por infracción al Artículo 192 del Código Penal"*

Técnicamente entendemos que para poder aplicar la Regla 247.1, el TPI no debió haber aceptado la alegación de culpabilidad. Lo procedente era no hacer *"pronunciamiento de culpabilidad"* si su intención era referirlo al programa de *"Drug Court"*. Un convicto no tiene cabida bajo la Regla 247.1 (*supra*). Tanto es así que la regla dispone que una eventual exoneración y sobreseimiento bajo esta regla se llevará a cabo sin declaración de culpabilidad por el tribunal, en un carácter confidencial, no accesible al público y separado de otros récords. De haber sido la intención del TPI referirlo al programa de *"Drug Court"*, debió hacerlo sin hacer el pronunciamiento de culpabilidad ni declararlo convicto de delito alguno.

Sin embargo, en el presente caso surge claro que la intención de la defensa y del TPI era referirlo al programa de *"Drug Court"* para darle oportunidad al acusado de acogerse a los beneficios del programa para lograr su rehabilitación. ■ Procede entonces devolver el presente caso al TPI para que deje sin efecto la aceptación de culpabilidad y convicción declarada. Únicamente de esta manera es que puede el TPI referir a un acusado al programa de *"Drug Court"*.

Entendemos además que el Ministerio Público no puede oponerse arbitrariamente al referido de un imputado al programa de *"Drug Court"*. Si el tribunal, luego de celebrada una vista, concluye que el imputado cumple con todos los del programa, y la única razón que aduce el ministerio fiscal es que éste no puede satisfacer una pena de restitución. Impedir que el referido de un imputado a un programa rehabilitador por la única razón de su condición económica, no tiene cabida en nuestro esquema constitucional.

No debemos perder de perspectiva que el T.P.I. no está dictando una sentencia en el presente caso. Si el imputado no cumple con los requisitos del Programa de Desvío al Amparo de la Regla 247.1, *supra,* el T.P.I. puede aceptar la alegación de culpabilidad, declararlo convicto y luego dictar la sentencia que estime procedente en derecho, la que podría incluir una pena de restitución. En este caso, el juez tendría que dejar sin efecto la

aceptación y pronunciamiento de culpabilidad para referir al recurrido al Programa *"Drug Court"*.

## IV

Por los fundamentos expresados, se expide el auto solicitado, se revoca la resolución del T.P.I. y se devuelve el caso al Tribunal de Primera Instancia para que deje sin efecto el pronunciamiento de culpabilidad y convicción del acusado. Al así hacerlo en ausencia de oposición fundada del Ministerio Público, puede referir al acusado al programa de desvío con las condiciones que entienda necesarias.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones