EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SEBASTIÁN RUIZ GONZÁLEZ, acusado y apelante.

Núm. 9821.—*Sometido:* Febrero 23, 1943. *Resuelto:* Marzo 1, 1943.

*Gaspar Gerena Bras,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué acusado de un delito de infracción del artículo 77 de la Ley de Bebidas y Espíritus Destilados, aprobada en junio 30 de 1936 (Ley núm. 6, Leyes de 1936 (2) pág. 45), consistente en que en 21 de marzo de 1940 "portaba y conducía sobre su persona un envase de cristal conteniendo como 4 litros de ron caña, que es una bebida embriagante y de fabricación clandestina, sin tener adherido a dicho envase los sellos de Rentas Internas, que demuestre que pagó los correspondientes impuestos. . . ." Convicto y sentenciado a la pena de un mes de cárcel, por la Corte de Distrito de Arecibo, no estuvo conforme el acusado e interpuso el presente recurso. Se basa éste en cuatro señalamientos de error, los cuales pueden ser considerados conjuntamente por ser una sola la cuestión en ellos envuelta.

Los hechos del caso son, en síntesis, los siguientes:

■ La denuncia original radicada en la Corte Municipal de Utuado, fué archivada el 15 de abril de 1941, por haberse alegado ante dicha corte que el caso había sido resuelto administrativamente por el Departamento de Hacienda. En enero 7 de 1942, el Procurador General de Puerto Rico radicó una moción ante la misma Corte Municipal solicitando la reinstalación del caso contra el acusado apelante, alegando: que por equivocación de un empleado de la oficina de Rentas Internas, los sellos correspondientes a una multa impuesta en la causa administrativa núm. B–31411 seguida contra Gerónimo González García, fueron adheridos a la causa núm. B–30780 seguida contra Sebastián Ruiz González, el aquí apelante, extendiéndose a favor de éste el correspondiente recibo; que la multa administrativa de $20 en la causa núm. B–30780 nunca ha sido pagada por el apelante, pero se hizo aparecer que había sido satisfecha utilizando para ello el recibo erróneamente extendido a su nombre; y que fué a base de ese error que se decretó el sobreseimiento de la denuncia. Se opuso el apelante a la reinstalación del caso, alegando: (a) que la corte no tenía jurisdicción sobre la persona del acusado, y (b) carecía de facultad para dejar sin efecto la orden de archivo. En febrero 3 de 1942 la corte municipal dictó una orden reinstalando el caso.

En el acto del juicio ante la corte de distrito, el acusado aceptó que los hechos alegados en la denuncia son ciertos. Nos toca, pues, considerar y resolver una sola cuestión de derecho: ¿Está facultada una corte municipal para dejar sin efecto una orden de archivo de una denuncia ante ella pendiente y ordenar que la denuncia sea reinstalada y el caso llevado a juicio?

Como regla general, el sobreseimiento incondicional de una denuncia o acusación a petición del fiscal, tiene el efecto legal de poner fin a los procedimientos bajo tal denuncia o acusación; y ni la una ni la otra pueden ser reinstaladas para continuar el proceso de acuerdo con ellas. Esta regla

es aplicable aun cuando el sobreseimiento se basare enteramente en un error de hecho por parte del fiscal. Existen autoridades que sostienen que el procedimiento puede ser anulado en un término subsiguiente y que puede seguirse el proceso a base de la misma denuncia o acusación. Muchas de estas decisiones, sin embargo, están caracterizadas por circunstancias o consideraciones especiales que pueden haber influído en la regla adoptada en cada caso. Numerosas otras autoridades sostienen la regla de que una denuncia o acusación puede ser reinstalada dentro del mismo término en que se decretó su archivo, toda vez que la orden de archivo está bajo el control de la corte durante ese término. 27 Am. Jur. *Indictments and Informations,* sec. 22, pág. 600, 601; 112 L.R.A., pág. 389, 390.

Existen en el caso de autos circunstancias y hechos especiales que no debemos ignorar y sí tomar en consideración para determinar cuál es la regla aplicable. La denuncia no fué archivada a petición del fiscal. El propio apelante, en su alegato, describe así lo ocurrido:

"El día 15 de abril de 1941 y siendo Juez entonces de la Corte Municipal de Utuado, el Lcdo. Emilio E. Franco, compareció el acusado en corte abierta y presentó en evidencia al llamarse su caso, un certificado expedido por el Tesorero de Puerto Rico, creditivo de que el acusado Sebastián Ruiz González había pagado la multa administrativa impuesta por el Tesorero. Ante tal evidencia el Juez Municipal de Utuado procedió al archivo de la denuncia y dejó en libertad al acusado Sebastián Ruiz González."

Basta lo que hemos transcrito para convencernos de que el archivo de la denuncia no se basó en un error del Tesorero o del fiscal y sí en la falsa y fraudulenta representación del acusado, hecha a sabiendas, pues nadie podía saber mejor que el propio acusado que no era cierto que él hubiese pagado la multa administrativa que le había sido impuesta y que por consiguiente no tenía derecho a solicitar el archivo de la causa por ese motivo. Habiéndose basado en el fraude cometido por el acusado, la orden de archivo es nula *ab initio*

y nunca tuvo existencia legal; y la orden de febrero 3 de 1942, decretando la reinstalación del caso, es simplemente una declaratoria de la nulidad e inexistencia de la orden de archivo. El caso no había pasado fuera de la jurisdicción de la corte inferior y ésta retenía aún un dominio absoluto sobre la orden de archivo, con facultad para reconsiderarla, modificarla o dejarla sin efecto, *motu proprio* o a moción del fiscal. 24 C.J.S. 116, sec. 1588; *Pueblo* v. *Carbone,* 59 D. P.R. 610.

■ Tampoco tiene razón el apelante al quejarse de que el juicio no se celebrara dentro del término estatutario de 120 días (Art. 448 C. E. Cr.). La dilación fué motivada única y exclusivamente por el fraude cometido por el propio acusado. Y es un principio elemental de derecho que no debe permitirse que una persona derive un beneficio de su propio fraude.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. De Jesús no intervino.