

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br><br>v.<br><br><br>Vicente Rodríguez Maldonado<br><br>Recurrido | Certiorari<br><br>2012 TSPR 76<br><br>185 DPR \_\_\_\_ |

Número del Caso: CC-2010-810

Fecha: 20 de abril de 2012

Tribunal de Apelaciones:

      Región Judicial Ponce

Abogado de la Parte Peticionaria:

      Lcdo. Eliezer Rodríguez Cintrón

Oficina del Procurador General:

      Lcda. Zaira Lebrón Anadón
      Subprocuradora General

      Lcda. Daphne Cordero Guilloty
      Procuradora General Auxiliar

Materia: Procedimiento Criminal – Archivo de la denuncia bajo la Regla 246 de procedimiento Criminal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
Peticionario                                              Certiorari

    v.

Vicente Rodríguez Maldonado
Recurrido                                  CC 2010-0810

Opinión del Tribunal emitida por el Juez Asociado señor Rivera García

En San Juan Puerto Rico, a 20 de abril de 2012.

Este recurso nos brinda la oportunidad de precisar los requisitos para el archivo definitivo y sobreseimiento de un caso, luego de que las partes lleguen a un acuerdo de transacción según los dispone la Regla 246 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Específicamente, la controversia que debemos evaluar gira en torno a si un tribunal puede reinstalar una denuncia archivada de acuerdo con la referida regla, cuando no se satisficieron los requerimientos establecidos en esta y se ha incumplido con los términos de la transacción habida entre las

partes. Para resolver adecuadamente el recurso que nos ocupa, reseñamos los hechos de mayor relevancia y los incidentes procesales acaecidos.

I

El 24 de abril de 2008 el Ministerio Público presentó una denuncia contra el Sr. Vicente Rodríguez Maldonado (señor Rodríguez Maldonado o recurrido) por haber infringido el Art. 205 del Código Penal de Puerto Rico,[1] disposición que tipifica la usurpación. Específicamente, se le imputó que el 10 de diciembre de 2007 penetró en un domicilio ajeno sin el consentimiento expreso del dueño para realizar actos de dominio. En consecuencia, el foro primario determinó causa probable por el delito según imputado.

En la vista celebrada el 11 de junio de 2009, las partes informaron al tribunal que habían llegado a un acuerdo de transacción. Indicaron además, que la propiedad usurpada era objeto de un conflicto entre los miembros de una Sucesión. Surge de la minuta de la referida vista que la defensa comunicó al foro juzgador que se realizaron unas ofertas de compraventa sobre ese mismo inmueble, que finalizarían la controversia.[2] Igualmente, el perjudicado y el recurrido manifestaron al tribunal que habían llegado a un acuerdo para transigir el delito. Este acuerdo consistía en que el Ministerio Público solicitaría el

---

[1] 33 L.P.R.A. sec. 4833.

[2] Véase Apéndice del recurso de *certiorari*, pág. 89.

archivo del cargo de usurpación luego de que el perjudicado aceptara que Rodríguez Maldonado ocupaba la propiedad en virtud de un contrato de arrendamiento suscrito entre él y un tercero. Asimismo, pactaron que el recurrido se obligaba a desalojar la propiedad el 30 de noviembre de 2009.

En consecuencia, el perjudicado declaró bajo juramento que le constaba que el acusado suscribió un contrato de arrendamiento con un tercero y la fecha cuando debía desalojar el inmueble en cuestión.[3] Del mismo modo, consignó que estaba de acuerdo en llegar a una transacción del caso y que haría lo propio en la esfera civil con su abogado y con la representación legal de la Sucesión.

Cónsono con lo enunciado y ya que las partes llegaron a un acuerdo, la Fiscalía solicitó el archivo de la causa criminal en conformidad con la Regla 246 de Procedimiento Criminal, *supra*. Por consiguiente, el foro de instancia decretó en sala el archivo del caso de acuerdo con el citado precepto sin la imposición de las costas.[4] Empero, por error del foro primario, en la sentencia consta que el archivo se decretó según la Regla 247[5] de Procedimiento Criminal, en lugar de la Regla 246.[6]

---

[3] Íd.

[4] Específicamente, la minuta de la vista de 11 de junio de 2009 expresa: "A petición del Ministerio Público, el tribunal archiva el caso por la Regla 246 sin costas." Apéndice del recurso de *certiorari*, pág. 90.

[5] Esta norma autoriza el sobreseimiento de una acusación por el Secretario de Justicia o un fiscal previa aprobación del tribunal. Véase 34 L.P.R.A. Ap. II.

Subsiguientemente, el 15 de diciembre de 2009 el Tribunal de Primera Instancia enmendó la referida sentencia para corregir el error en su dictamen.[7]

Así las cosas, el 2 de diciembre de 2009 el señor Rodríguez Maldonado presentó una solicitud para que se le concedieran dos meses adicionales para desalojar el inmueble ocupado. Adujo que en la residencia vivían menores de edad y que aún no había encontrado otra vivienda. Por su parte, mediante Resolución de 7 de diciembre de 2009 el foro primario coligió que la sentencia era final y firme, y que la petición sería considerada como una enmienda a la sentencia.[8] En atención a ello, pautó una vista para el 25 de enero de 2010. La Fiscalía expresó ese día que la solicitud de archivo del caso por transacción fue prematura. Por ese fundamento, solicitó que se dejara sin efecto la sentencia dictada el 11 de junio de 2009 y peticionó la continuación del proceso criminal, incluyendo una acción para que se encontrara al recurrido incurso en desacato. En consecuencia, el tribunal dejó sin efecto la sentencia sobre el archivo del caso y señaló juicio en su fondo para el 11 de febrero de 2010.

Inconforme con ese proceder, el 9 de febrero de 2010 el señor Rodríguez Maldonado presentó una moción de

---

[6] Véase Apéndice del recurso de *certiorari*, pág. 88.

[7] Íd., pág. 44.

[8] Íd.

reconsideración. En su escrito, arguyó que el foro primario no tenía jurisdicción para dejar sin efecto una sentencia final y firme. Además, adujo en su petición que el Estado estaba impedido de procesarlo dos veces por el mismo delito. Así las cosas, en la vista celebrada el 11 de febrero el Tribunal de Primera Instancia se reservó su determinación sobre la moción de reconsideración y reseñaló el juicio para el 23 de febrero de 2010. En esa fecha, el Ministerio Fiscal manifestó su oposición a la petición de reconsideración de la defensa y solicitó la imposición de un desacato al recurrido por su incumplimiento con el desalojo de la residencia en la fecha convenida. Por su parte, el foro primario declaró "no ha lugar" la moción de reconsideración y señaló el juicio para el 31 de marzo de 2010.

Aún insatisfecho, el señor Rodríguez Maldonado acudió al Tribunal de Apelaciones. Ese foro judicial, mediante una sentencia de 16 de agosto de 2010, revocó el dictamen del tribunal de instancia que había dejado sin efecto el archivo de la causa de acuerdo con la Regla 246 de Procedimiento Criminal, *supra*.[9]

No conteste con el proceder del foro *a quo*, el Pueblo acudió oportunamente ante nos mediante un recurso de *certiorari* y formuló los errores siguientes:

---

[9] Es importante señalar que la decisión del Tribunal de Apelaciones, Panel de Ponce no fue unánime, pues el juez López Feliciano emitió un voto disidente. Véase Pueblo v. Vicente Rodríguez Maldonado, KLCE201000408.

Primero, erró el Tribunal de Apelaciones al revocar la determinación emitida por el Tribunal de Primera Instancia y decretar que, a pesar de que el Sr. Rodríguez Maldonado no cumplió con la condición suspensiva impuesta al archivo decretado al amparo de la Regla 246 de Procedimiento Criminal, el Tribunal *a quo* no podía reactivar el proceso criminal pues carecía de jurisdicción para atender la controversia.

Segundo, en la alternativa, erró al no decretar la nulidad del archivo, por no satisfacerse los criterios de la Regla 246, mucho más cuando su determinación descansó en la premisa equivocada de que el Ministerio Fiscal podría encauzar nuevamente al aquí recurrido por el mismo delito. Petición de *certiorari*, pág. 7.

Luego de examinar el recurso, expedimos el auto de *certiorari* y ordenamos a las partes que presentaran sus respectivos alegatos. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II

Como norma general, no es una defensa para el imputado de delito que la víctima haya condonado la ofensa sufrida. Véase I LaFave, Wayne R. Substantive Criminal Law Sec. 6.5 (2003). Ello es así porque la intervención del Estado para combatir la actividad criminal representa, no solo el interés particular del perjudicado, sino el interés social de armonía que el delito enerva. Pueblo v. Ramírez Valentín, 109 D.P.R. 13, 15 (1979). Por tal razón, que el agresor compense efectivamente los daños al ofendido no priva al Estado de ejercer su poder punitivo. Íd. Empero, el principio de la reparación del daño forma parte del panorama jurídico penal y, a su vez, provee una alternativa a los rigores del procedimiento criminal en

cuanto busca la reconciliación de las partes y la restauración del daño social ocasionado. Íd. Véase además, E.C. Viano, La justicia restauradora: una nueva perspectiva en derecho penal, victimología y criminología, 1 Rev. Der. Hum. y Transf. Conf. (2009). Así pues, en varias jurisdicciones se permite que en los delitos cometidos bajo circunstancias que denotan una ausencia de peligrosidad por parte del actor, la reparación de los daños causados extinga la responsabilidad penal. Pueblo v. Ramírez Valentín, supra; Véase, LaFave, supra; H. Silving, Criminal Justice, Buffalo, N.Y., WM. S. Hein & Co. Inc., 1971, Vol. I, pág. 120, citando a E. Ferri, Criminal Sociology, (Kelly y Lisle trads.) 1917, pág. 553. En esos casos, por la naturaleza predominantemente privada del daño, la necesidad de sancionar la actividad criminal puede satisfacerse con la compensación del mal causado. Pueblo v. Ramírez Valentín, supra. Por esa razón, mediante la vía estatutaria y a modo de excepción, se ha permitido la transacción de ciertos delitos bajo determinadas circunstancias. En general, se consideran transigibles solo aquellos delitos menos graves que cumplan con los requisitos estatutarios establecidos y que a su vez generen una causa de acción civil a favor del perjudicado. LaFave, supra; Nota, Construction and Effect of Statute Authorizing Dismissal of Criminal Action Upon Settlement of Civil Liability Growing Out of Act Charged, 42 A.L.R.3d 315 (1972).

Actualmente, la Regla 246 de Procedimiento Criminal, *supra,* establece los términos y las condiciones para la transacción de delitos en nuestra jurisdicción. Es pertinente señalar que esta regla tiene su génesis en los Arts. 445 a 447 del derogado Código de Enjuiciamiento Criminal de 1902. Estos artículos provinieron de las Secs. 1377 a 1379 del Código Penal de California, que a su vez tienen su origen en una ley de 1813 del estado de Nueva York. Véanse: Pueblo v. Vázquez, 120 D.P.R. 375 (1988); People v. Moulton, 182 Cal. Rptr. 761, 765 (1982). A esos efectos, en People v. Moulton, 131 Cal. App.3d Supp. 10, 17-18 (1982), se analizan los orígenes del acuerdo transaccional:

> All the statutes authorizing civil compromise of criminal actions trace their origins to a New York statute in effect in 1813, providing: "That in all cases where a person shall, on the complaint of another, be bound by recognisance to appear, or shall, for want of surety, be committed, or shall be indicted for an assault and battery, or other misdemeanor, to the injury and damage of the party complaining, and not charged to have been done riotously or with intent to commit a felony, *or not being an infamous crime*, and for which there shall also be remedy by civil action, if the party complaining shall appear before the magistrate who may have taken the recognisance, or made the commitment, or before the court in which the indictment shall be, and acknowledge to have received satisfaction for such injury and damage, it shall be lawful for the magistrate in his discretion to discharge the recognisance, & c. or for the court also in their discretion, to order a *nolle prosequi* to be entered on the indictment ...." (1 N.Y. R. L. (1813) p. 499, sec. 19.) (Énfasis en el original.)

En nuestras reglas de enjuiciamiento criminal, las transacciones de delito solo eran posibles en aquellos

casos que involucraban la comisión de delitos menos graves. Así, el Art. 445 del derogado Código de Enjuiciamiento Criminal de 1902 expresaba lo siguiente:

> Cuando sea detenida una persona para responder a una acusación de *misdemeanor* (delito menos grave), y el individuo perjudicado por el hecho que constituye delito tenga el recurso de indemnizarse del daño por medio de una acción civil, el asunto puede transigirse en la forma que dispone el artículo siguiente, excepto cuando el delito sea cometido:
> (1) Por un empleado judicial ó contra él, mientras esté en el ejercicio de las funciones de su cargo;
> (2) Tumultuosamente;
> (3) Con la intención de cometer un *felony* (delito muy grave). Comisión Conjunta codificadora legislativa de Puerto Rico, Code of Criminal Procedure/Código de Enjuiciamiento Criminal de Puerto Rico. San Juan, Puerto Rico, Negociado de Materiales, Imprenta y Transporte, pág. 289-291, 1935.

Por su parte, el Art. 446 de ese mismo cuerpo legal establecía los requisitos para que se efectuara la transacción en el ámbito penal, y a tales efectos disponía lo siguiente:

> Si la parte perjudicada comparece ante el tribunal al que hayan de ser remitidas las declaraciones en cualquier momento antes de la celebración del juicio, y reconoce plenamente que ha recibido reparación por el daño causádole, el tribunal puede decretar discrecionalmente y previo pago de las costas devengadas, que se suspendan todos los procedimientos en persecución del delincuente, y que éste quede exonerado de la culpa; pero en tal caso los fundamentos que tenga el tribunal para dictar el auto deben exponerse en éste, é [sic] insertarse en el acta del tribunal. Dicho auto imposibilita la instrucción de otro proceso por el mismo delito. Comisión Conjunta codificadora legislativa de Puerto Rico, Code of Criminal Procedure/Código de Enjuiciamiento Criminal de Puerto Rico, supra, pág. 291.

Asimismo, el derogado Art. 447 establecía que "ningún delito público puede transigirse como tampoco suspenderse ningún procedimiento ó [sic] proceso, para el castigo del mismo, en virtud de una transacción, sino del modo establecido en este capítulo". Íd., pág. 291.

Tras la aprobación en 1963 de las Reglas de Procedimiento Criminal se derogaron los citados artículos del Código de Enjuiciamiento Criminal, pero su contenido -en esencia- fue recogido en la Regla 246 de Procedimiento Criminal, *supra*. Más adelante, esta norma fue enmendada por la Ley Núm. 53 de 1 de julio de 1988.[10] Esta legislación, entre otros fines, requirió la participación y anuencia del Ministerio Público en el proceso para el archivo y sobreseimiento de un caso por transacción. De esta forma, se revocó por la vía legislativa lo pautado en Pueblo v. Vázquez, 120 D.P.R. 368 (1988), en torno a que el Ministerio Público solamente debía ser oído en este proceso, pero no se necesitaba -ni era un requisito- su anuencia para que procediera el archivo de un delito por transacción.

Subsiguientemente, tras la aprobación del Nuevo Código Penal de Puerto Rico de 2004, el referido estatuto fue enmendado nuevamente, esta vez por la Ley Núm. 317-2004 (34 L.P.R.A. Ap. II), para atemperarla al Art. 98 del Código Penal (reparación de los daños).[11] D. Nevares-Muñiz,

---

[10] 34 L.P.R.A. Ap. II.

[11] 33 L.P.R.A. sec. 4726. Dicho artículo establece que:

Sumario de derecho procesal penal puertorriqueño, 9na ed.,
San Juan, Puerto Rico, Inst. para el Desarrollo del
Derecho, 2011, págs. 159-160. Esa enmienda añadió la
categoría de los delitos graves de tercero y cuarto grado
como parte de los delitos que se pueden transigir por
medio de la Regla 246.

Dentro de ese contexto, y por la importancia que
tiene para nuestro análisis, citamos *in extenso* el texto
de la norma procesal vigente:

> Sólo podrán transigirse delitos menos graves,
> graves de cuarto grado o de tercer grado, cuando
> el imputado o el acusado se haya esforzado por
> acordar una compensación con el perjudicado *y le
> haya restablecido en su mayor parte a la
> situación jurídica anterior al hecho delictivo,
> o lo haya indemnizado total o sustancialmente,*
> en una situación en la que la reparación de los
> daños le exija notables prestaciones personales,
> *con el consentimiento del perjudicado y del
> ministerio público.*
> En aquellos casos en que esta regla permite la
> transacción, si la parte perjudicada
> compareciere ante el tribunal donde está
> pendiente la causa en cualquier momento antes de
> la celebración del juicio y *reconociere
> plenamente que ha recibido reparación por el
> daño causádole, el tribunal podrá en el
> ejercicio de su discreción y con la
> participación del fiscal, decretar el archivo y
> sobreseimiento definitivo del caso, previo pago
> de las costas. El tribunal expondrá los
> fundamentos del sobreseimiento y archivo, los
> cuales se harán constar en las minutas.* El
> sobreseimiento y archivo así decretado impedirá
> la formulación de otro proceso contra el acusado

---

"En los delitos graves de tercer grado, en los delitos graves de
cuarto grado y en los delitos menos graves, cuando el autor se
haya esforzado por acordar una compensación con el perjudicado y
le haya restablecido en su mayor parte a la situación jurídica
anterior al hecho delictivo, o lo haya indemnizado total o
sustancialmente, en una situación en la que la reparación de los
daños le exija notables prestaciones o renuncias personales, el
tribunal podrá con el consentimiento del perjudicado y del
fiscal decretar el archivo y sobreseimiento de la acción penal."

por el mismo delito. (Énfasis nuestro.) 34 L.P.R.A. Ap. II. R. 246.

Ciertamente, del contenido de la transcrita Regla 246 se colige que no todo delito es susceptible de ser transigido por la previa compensación a la víctima. Pueblo v. Ramírez Valentín, supra. Este Tribunal ha aclarado que los delitos "donde no sólo se lesionan particulares intereses privados, sino que por el contrario se afectan fundamentales postulados sociales y comunitarios el procedimiento criminal es insoslayable". Íd., pág. 18. Cabe mencionar que esta norma no reconoce efectos definitivos a la transacción entre la parte perjudicada y el acusado para propósitos del archivo de la acusación penal. Íd. Esto, pues dicha pauta concede discreción al tribunal para decretar finalmente el archivo y sobreseimiento del caso.

Consecuentemente, hemos apuntado que la discreción del tribunal en los casos de archivo por transacción "no es cosa baladí y denota en cambio, sabio criterio". Pueblo v. Ramírez Valentín, supra, pág. 17. Ello es así, ya que es el juzgador quien "puede advertir circunstancias concurrentes con el delito que reflejen elementos de perversidad, temeridad o conducta tan crasamente antisocial en el acto delictivo que deban ser corregidos a través de la operación del mecanismo penal". Íd. El empleo de este sabio juicio es imperativo. Es necesario que el foro juzgador vigile y escudriñe estos acuerdos para evitar el archivo de delitos en virtud de transacciones

realizadas bajo cualquier tipo de coacción, chantaje o soborno.

Conforme con esos pronunciamientos y según surge del texto de la aludida regla, para que un acuerdo de transacción por un delito sea efectivo y pueda entonces archivarse **definitivamente** la causa pendiente, es necesario que el acusado se esfuerce por acordar una compensación para indemnizar total o sustancialmente al perjudicado por el daño causado. Regla 246 de Procedimiento Criminal, *supra*. Para acreditar este esfuerzo, la referida norma exige que la parte afectada comparezca al tribunal y confirme que ha recibido la reparación del daño. Íd. Es decir, el tribunal podrá decretar un archivo administrativo sujeto o condicionado a que el recurrido cumpla con los términos convenidos en la transacción, siempre y cuando no emita una sentencia de sobreseimiento hasta tanto la parte perjudicada le haya acreditado plenamente el cumplimiento total o sustancial de esta.[12]

De esta forma, salvaguardando la seriedad y los rigores del procedimiento criminal, el archivo y sobreseimiento de un caso -según esta regla- no puede ser realizado de forma caprichosa, insensata y ligera. Es por tal razón que el tribunal que archive una causa de acuerdo

---

[12] Tómese en cuenta que aunque no está definido en nuestro esquema procesal, el archivo administrativo es una modalidad generalizada por la cual los tribunales de instancia archivan temporalmente un caso que está inactivo, para que las estadísticas judiciales no lo reflejen como un caso pendiente de resolución.

con los rigores de esta norma, tiene que exponer los fundamentos para el sobreseimiento y archivo, y así hacerlos constar en las minutas. Regla 246, *supra*. Solo después del cumplimiento de estos rigurosos requerimientos legales el tribunal, en el ejercicio de su discreción y con el consentimiento del Ministerio Fiscal, podrá decretar el archivo y sobreseimiento de la causa criminal que tiene ante su consideración. En consecuencia, debe enfatizarse que, una vez cumplidas las exigencias para proceder al archivo de un delito según este precepto de ley, la formulación de otro proceso por el mismo delito contra el acusado es improcedente en derecho. Por el contrario, toda sentencia para archivar que no observe las solemnidades y los requisitos prescritos en la enunciada regla, **se considerará nula.**

Así lo reconocimos en <u>Pueblo v. Tribl. de Distrito y Colón, Int.</u>, 74 D.P.R. 834 (1953). En ese caso, el Ministerio Público presentó una denuncia contra el señor Colón por acometimiento y agresión grave. Sin embargo, ese mismo día la víctima presentó una moción de archivo y sobreseimiento según las disposiciones del derogado Art. 446 del Código de Enjuiciamiento Criminal de 1935. En su escrito, adujo haber llegado a un "acuerdo amistoso" en el que el acusado le indemnizó por los perjuicios sufridos mediante el pago de "suficiente consideración de dinero". Íd., pág. 841. En respuesta, el tribunal archivó el caso por el delito imputado y el fiscal que presentó la

denuncia estuvo de acuerdo. Subsiguientemente, otro fiscal presentó una acusación contra Colón por los mismos hechos, imputándole en el segundo cargo un delito de ataque para cometer asesinato. Íd., pág. 842. El acusado formuló la alegación de doble exposición y de cosa juzgada, y solicitó el archivo de la acusación por el segundo cargo. Así las cosas, llegada la controversia a nuestra consideración, *expresamos que ningún delito puede transigirse sino del modo establecido en las citadas reglas.* Íd., pág. 852. Por consiguiente, concluimos allí que el archivo del caso por transacción *constituyó una sentencia nula que no podía surtir efecto alguno, por lo tanto, no procedía la alegación del acusado de doble exposición o cosa juzgada.* Íd., pág. 860.

Específicamente, ante la interrogante de si un tribunal está facultado a dejar sin efecto una orden de archivo de denuncia, ordenar que esta última sea reinstalada y el caso sea llevado a juicio, en Pueblo v. Ruiz, 61 D.P.R. 444 (1943), resolvimos en la afirmativa. En esa ocasión concluimos que, aunque el sobreseimiento de una denuncia o acusación "tiene el efecto legal de poner fin a los procedimientos bajo tal denuncia o acusación; y ni la una ni la otra pueden ser reinstaladas para continuar el proceso de acuerdo con ellas", ello no aplica cuando la orden de sobreseimiento está todavía bajo el control del tribunal que la dictó y se determina que procede anularla, ya sea por motivo de fraude o de la

**comisión de un error** de hecho o **de derecho**. Íd., págs. 445-446. Véase Pueblo v. Tribunal Superior, 81 D.P.R. 904 (1960). Por consiguiente, determinamos que el foro sentenciador podía dejar sin efecto su propia orden de archivo para reinstalar así el caso previamente sobreseído.

Más adelante, en Pueblo v. Tribunal Superior, supra, reconocimos que el tribunal sentenciador "*puede* y *debe* anular un sobreseimiento decretado por motivo de *error en la aplicación de la ley*". (Énfasis nuestro.) Íd., pág. 922. Específicamente, concluimos que el error de derecho justifica la reconsideración de una sentencia dictada en un proceso criminal. Íd.

En relación con esto último, es preciso destacar que una sentencia ilegal es la que un tribunal dicta sin jurisdicción o autoridad, en abierta contravención al derecho vigente. Pueblo v. Lozano Díaz, 88 D.P.R. 834, 838 (1963); E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1993, Vol. III, pág. 562. Por consiguiente, una sentencia así dictada es nula e inexistente, ya que los estatutos de penalidad son jurisdiccionales. Pueblo v. Lozano Díaz, supra. En atención a ello, una sentencia nula no puede afectar, menoscabar ni crear derechos. Pueblo v. Tribl. de Distrito y Colón, Int., supra, citando a State v. Bates, 61 Pac. 905, 83 A.S.R. 768, 772 (1900). Así pues, una actuación judicial inválida no debe conllevar

consecuencias legales ni beneficios para ninguna de las partes. Pueblo v. Lozano Díaz, supra.

En ese contexto, en Pueblo v. Lozano Díaz, supra, sostuvimos que un tribunal tiene la facultad para corregir sentencias contrarias a lo establecido en nuestro ordenamiento jurídico. También hemos reiterado que esta facultad puede ser ejercida a solicitud de parte interesada o *motu proprio* con el propósito de ajustarlas a la ley, tanto para corregir un error en que hayan podido incurrir al imponerlas como para ajustarlas a cualquier situación de hechos debidamente probados por una u otra parte. Pueblo v. Román Feliciano, 181 D.P.R. 679 (2011).

III

El texto de la Regla 246 de Procedimiento Criminal, *supra*, es claro y preciso al requerir, antes del archivo y sobreseimiento de un caso, que se acredite ante el tribunal que la persona afectada por la acción delictiva ha sido indemnizada total o sustancialmente, recibiendo así la reparación del daño causado. Según la ley aplicable, no cabe hablar del cumplimiento de condiciones suspensivas para que un archivo ya decretado mediante sentencia de acuerdo con dicha regla advenga final y firme. Por ello, pasamos de plano a discutir los méritos del segundo error planteado por el Estado.

A la luz del marco fáctico enunciado, nos corresponde resolver si en el caso de autos, el foro primario tenía la facultad de dejar sin efecto el archivo de un delito al

amparo de la Regla 246 de Procedimiento Criminal, *supra*, que especifica que los archivos así decretados impedirán la formulación de un nuevo proceso. Las circunstancias particulares apuntan a que el señor Rodríguez Maldonado fue acusado de usurpar una propiedad ajena. Ambas partes llegaron al acuerdo de que el recurrido abandonaría la propiedad en determinada fecha. Empero, el Ministerio Público solicitó el archivo sin que el recurrido hubiera desalojado aún la propiedad. Así también, el juez del foro primario ordenó el archivo y sobreseimiento de la denuncia sin que el perjudicado reconociera que el desalojo ocurrió y, por ende, que el daño fue reparado. Tal y como hemos puntualizado, para que pueda operar la transacción de la acción penal bajo la citada regla procesal es necesario que la parte perjudicada reconozca plenamente que ha recibido la reparación del daño causado por el imputado del delito. Empero, surge de los hechos que tenemos ante nuestra consideración que ese criterio no estuvo presente cuando el tribunal accedió a la solicitud de archivo por transacción.

Ante el evidente error y a solicitud del Ministerio Público, el foro de instancia actuó correctamente al dejar sin efecto la sentencia de archivo al amparo de la referida Regla 246 y pautar una fecha para la celebración del juicio. Contrario a lo alegado por el recurrido, el tribunal no estaba impedido de reconsiderar su craso error. Ante el incumplimiento con las exigencias del

referido precepto procesal, la sentencia para el archivo fue prematura y errónea. Por tal razón, el Ministerio Público puede, en efecto, solicitar la reinstalación de la denuncia o acusación para la continuación del encausamiento criminal. En virtud de la amplia facultad de reconsideración de sus propios dictámenes, el foro juzgador **puede y debe anular un sobreseimiento decretado por error en la aplicación de la ley.**

Por su parte, el reclamo de Rodríguez Maldonado resulta muy acomodaticio e incide sobre la sana administración de la justicia. Exige que, a pesar de no haber cumplido con el desalojo acordado, este Foro resuelva que la errada sentencia de archivo advino final y firme, y que resolver lo contrario implicaría una violación a sus derechos. Esa desatinada interpretación del Derecho aplicable no puede tener espacio en nuestro ordenamiento jurídico. Según hemos afirmado en el pasado, es un principio fundamental de derecho que no se debe permitir que una persona derive beneficio de su propia estafa. Pueblo v. Ruiz, supra. La burla al sistema de justicia que propone el alegato del señor Rodríguez Maldonado no puede, bajo ningún concepto, ser ratificada por esta Curia.

No cabe la menor duda que la sentencia de archivo y sobreseimiento dictada por el foro primario a favor del señor Rodríguez Maldonado fue nula. Cónsono con ello, la continuación con los procedimientos judiciales en nada

afecta los derechos que le garantiza nuestro ordenamiento jurídico al recurrido. En el caso de autos, el recurrido nunca estuvo expuesto a los rigores de un juicio, como alega. Al ser sometido a un juicio en su fondo, cumpliendo con las exigencias del debido proceso de ley, el acusado podrá interponer las defensas que procedan legalmente.

A la luz de la pauta que hemos afirmado, los foros primarios deben cumplir rigurosamente con los requisitos de la Regla 246 de Procedimiento Criminal, *supra*, previo a acceder a una solicitud de archivo. Es decir, el decreto de archivo y sobreseimiento de los casos debe ser realizado solo después de conocer real y específicamente el cumplimiento total o sustancial de lo convenido por las partes en el acuerdo de transacción. De este modo, salvaguardamos no solo los intereses particulares, sino también los postulados sociales y comunitarios que imperan en nuestro ordenamiento penal.

IV

Por todo lo anterior, revocamos la sentencia del Tribunal de Apelaciones y ordenamos la devolución del expediente de autos al foro primario para que continúe con los procedimientos judiciales conforme a lo aquí resuelto.

Se dictará Sentencia de conformidad.


EDGARDO RIVERA GARCÍA
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
    Peticionario

          v.                                    Certiorari
                           CC-2010-0810
Vicente Rodríguez Maldonado
    Recurrido


SENTENCIA

En San Juan, Puerto Rico, a 20 de abril de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, revocamos la sentencia emitida por el Tribunal de Apelaciones. Por consiguiente, devolvemos los autos al Tribunal de Primera Instancia para la continuación de los procedimientos según lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo